UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHED SHEHADEH,

                                Petitioner,

                 v.                             5:05-CV-1309
                                                        (FJS)

UNITED STATES OF AMERICA,

                                Respondent.
_____

**APPEARANCES**                                      **OF COUNSEL**

**AHED SHEHADEH**
**12090-052**
U.S.P. Canaan
P.O. Box 300
Waymart, Pennsylvania 18472
Petitioner *pro se*

**OFFICE OF THE UNITED**                 **ANDREW T. BAXTER, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

      The Clerk of the Court has sent Petitioner's petition for a writ of habeas corpus to the

Court for its review. *See* Dkt. No. 1, Petition. Petitioner is currently in the custody of the

Federal Bureau of Prisons.

      In his application, which he brought pursuant to 28 U.S.C. § 2255, Petitioner does not

challenge the validity of his conviction or sentence but rather the manner in which that sentence is being executed.  For example, Petitioner declares in his application that he is not "filing an appeal of [his] conviction or appealing the sentence imposed by this Court."  *See* Dkt. No. 1 at ¶ 18; *see also* Petitioner's Reply Memorandum of Law at 2 ("Petitioner is not challenging his sentence or conviction.").  Additionally, in portions of his application in which he is directed to provide the facts in support of his claims that he is "being held in violation of the Constitution, laws or treaties of the United States," Petitioner wrote "none."  *See* Dkt. No. 1 at Grounds One through Four.

Instead of challenging his conviction or sentence, Petitioner seeks "clarification in regards to his release date from Federal custody when he goes into said custody."  *See* Petitioner's Reply Memorandum of Law at 2.  In support of this request, Petitioner has provided this Court with documents that suggest that he contacted the Bureau of Prisons in an attempt to clarify this issue and that, on June 14, 2005, Northeast Regional Inmate Systems Administrator F. Messer responded to Petitioner's inquiry and advised him that his current projected release date from the Bureau of Prisons was April 3, 2008, including all good conduct time "and applicable prior custody credit."  *See* Dkt. No. 1 at Attachment.  Petitioner appears to argue that the Bureau of Prisons has erred in calculating his release date and contends that, when the time he served in state custody is considered in conjunction with the concurrent sentence that this Court imposed on him, his projected release date from federal custody should have been on or about July 16, 2006.  *See* Petitioner's Reply Memorandum of Law at 3-6.

## II. DISCUSSION

**A.     Statute under which this action is properly brought**

As a preliminary matter, the Court must consider whether this action is properly brought under 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

As noted above, Petitioner filed this action using the application that individuals use when they move to vacate, set aside or correct a federal sentence under 28 U.S.C. § 2255. A petitioner properly brings an action under § 2255 when he seeks to contest the ***legality*** of the sentence that the district court imposed. *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (citation omitted). However, a petitioner who seeks to "challenge the 'execution of [his] sentence,' . . . such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention," must bring such a challenge by means of an application under 28 U.S.C. § 2241. *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (internal quotation and other citations omitted).

Courts should characterize *pro se* petitions according to the relief they seek and not according to the label that *pro se* prisoners, who are unschooled in the law, give to them. *See Chambers*, 106 F.3d at 475. Thus, "if a prisoner erroneously labels a petition as being filed under Section 2255 when the relief [he] seeks is available only under Section 2241, the mis-labeling must be disregarded . . . ." *Id.* Therefore, based upon the relief that Petitioner seeks, this Court must consider this action as one brought pursuant to 28 U.S.C. § 2241.[1]

---

[1] Petitioner claims that he filed this action under § 2255 because "this Court directed him to do so in it's [sic] correspondence of September 21st, 2005." *See* Petitioner's Reply Memorandum of Law at 5. However, the letter to which Petitioner refers in support of his claim, which the Court sent to him after he had sent various documents to the Court, did not direct him
(continued...)

**B.     Transfer of action to the Middle District of Pennsylvania**

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the language of § 2241 to require "'that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden*, 410 U.S., at 495, 93 S. Ct. 1123). Jurisdiction over a respondent in a § 2241 petition "lies in only one district: the district of confinement." *Id.* at 443; *see also United States v. Koontz*, No. 1:01-CR-41, 2006 WL 1510143, *1 (N.D.N.Y. May 31, 2006) (prisoner challenging Bureau of Prisons' calculation of sentence must file § 2241 petition "in the United States district court where the petitioner is incarcerated" (citation omitted)); *Donahue v. Schultz*, No. 06-3248, 2007 WL 172334, *2 (E.D. Pa. Jan. 22, 2007) (holding that "it is evident that under *Padilla*, the only proper venue for this case is [in] the District . . . where petitioner and his custodian are located" (citations omitted)).

Since Petitioner is currently incarcerated in Waymart, Pennsylvania, which is located in the geographical boundaries of the Middle District of Pennsylvania, this Court will transfer this action to the United States District Court for the Middle District of Pennsylvania. *See, e.g., Braden v. 30th Judicial Cir. Court of Ky.*, 410 U.S. 484, 493-94 (1973) (traditional rules of venue apply to habeas proceedings); 28 U.S.C. § 1404(a) ("[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); *Donahue*, 2007 WL 172334, at *2

---

     [1](...continued)
to file a § 2255 application, but instead advised him that "***if it was [his] intention***" to file a motion to vacate his sentence when he provided those documents to the Court, then he should complete a § 2255 application. *See* Petitioner's Reply Memorandum of Law at Exhibit "B" (emphasis added).

(transferring § 2241 action improperly filed in Pennsylvania to District in which petitioner was incarcerated).[2]

### III. CONCLUSION

After carefully reviewing the entire file in this matter, Petitioner's submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Clerk of the Court shall transfer this matter to the United States District Court for the Middle District of Pennsylvania pursuant to Local Rules 72.4(b) and 83.6; and the Court further

**ORDERS** that the Clerk of the Court shall advise the Clerk of the Middle District of Pennsylvania, in writing, of the entry of this Order and provide that Clerk with a certified copy of this Order and of the docket sheet in this action, together with all information necessary for that Clerk to access the documents filed in this action electronically.  The Court also waives the ten (10) day waiting period provided for in Local Rule 83.6; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 5, 2008
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] This Court makes no ruling as to the merits of Petitioner's habeas application but rather leaves that determination to the District Court for the Middle District of Pennsylvania.